UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

---

CYNTHIA HENDRICKS,

                Plaintiff,                COMPLAINT
                                                 JURY TRIAL DEMANDED

-against-

MUTUAL OF OMAHA INSURANCE
COMPANY,

                Defendant.

---

Plaintiff, CYNTHIA HENDRICKS, by her attorney, ROBERT G. DORTON, as and for her complaint against the Defendant, alleges as follows:

## THE PARTIES

1.     The Plaintiff, CYNTHIA HENDRICKS, is a resident of Sarpy County, State of Nebraska.

2.     At all times relevant to her long-term disability (hereinafter "LTD") insurance coverage and claim, the Plaintiff was employed by METROPOLITAN UTILITIES DISTRICT (hereinafter "MUD"), a political subdivision of the State of Nebraska with its place of business in Douglas County, State of Nebraska.

3.     Defendant MUTUAL OF OMAHA INSURANCE COMPANY (hereinafter "MUTUAL") is an insurance company licensed to do business in the State of Nebraska. MUTUAL maintains an office in the State of Nebraska. Its home office and registered agent for service of process are located in Omaha, Nebraska.

1

## JURISDICTION

4. The Court has jurisdiction of the matter pursuant to the Employee Retirement Income and Security Act of 1974 (hereinafter 'ERISA"), as amended, 29 U.S.C. section 1001, et. seq., and more particularly 29 U.S.C. sections 1132(a)(1)(b), 1132(a)(3) and 1140, as well as 28 U.S.C. sections 1331, 2201, and 2202.

## VENUE

5. Venue is in the District of Nebraska pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. section 1132(e)(2), since the plan is administered in this district and the Defendant maintains an office here. Additionally, the Plaintiff is a resident of the District of Nebraska.

## BACKGROUND FACTS

6. The Plaintiff, CYNTHIA HENDRICKS, was employed by MUD and began her employment with the company in 1998.

7. As part of the Plaintiff's compensation package, Defendant MUTUAL provided LTD insurance coverage. Plaintiff was a "participant" within the meaning of ERISA section 29 U.S.C. 1002(7) of her employer's benefit plan.

8. Defendant MUTUAL, for good and valuable consideration, sold, executed and delivered to MUD a Group LTD policy bearing policy number GMTD-39S6 (hereinafter the "MUTUAL Policy"). The MUTUAL Policy was issued on the usual forms used and prepared by Defendant MUTUAL.

9.  The MUTUAL Policy became effective on or before January 1, 2005, and has been continuously renewed on an annual basis and continues to be in full force and effect.

10. Benefits are due and vested under the MUTUAL Policy. At all times, the Plaintiff, CYNTHIA HENDRICKS, has complied with all conditions necessary for her to receive benefits based on her disability.

11. The MUTUAL Policy's definition of disability is as follows:

    "Total Disability and Totally Disabled, for other than a pilot, means that because of an Injury or Sickness:

    A.  You are unable to perform all of the material duties of Your regular occupation on a full-time basis; and

    B.  You are unable to generate Current Earnings which exceed 20% of Your Basic Monthly Earnings due to that same Injury or Sickness; and

    C.  After a Monthly Benefit has been paid for 2 years, You are unable to perform all of the material duties of any gainful occupation for which You are reasonable fitted by training, education or experience."

12. Plaintiff, CYNTHIA HENDRICKS, suffered from serious, debilitating mental and physical health conditions on or about June 2008. At that time, Plaintiff was employed by MUD.

13. As an employee of MUD, the Plaintiff was covered by the Defendant MUTUAL's LTD policy.

14. Plaintiff's last day of work for MUD was on or about June 2008.

15. The qualifying medical conditions suffered by Plaintiff included:

    A.  Bipolar affective disorder;

    B.  Major depressive disorder;

    C.  Residuals of electro-convulsive shock therapy;

    D. Anxiety disorder;

    E. Degenerative disc disease of the cervical spine with radiculopathy;

    F. Bilateral patellofemoral syndrome;

    G. Chronic fatigue syndrome;

    H. Obstructive sleep apnea; and

    I. Other physical and mental health impairments.

16. As a result of these conditions, the Plaintiff's treating psychiatrist, Dr. Reidler, MD, and treating therapist/Psychiatric Nurse Practitioner, Sue Crane, APRN, found the Plaintiff to be permanently disabled and unable to work.

17. Based on medical and psychiatric evidence submitted, Defendant MUTUAL found that Plaintiff met the definition of disability in the LTD Policy and commenced LTD benefits as of December 8, 2008.

17. In a Social Security Administration decision, the Social Security Administration found the Plaintiff to be entitled to a period of disability beginning on or about January 1, 2009, and to Social Security Disability Insurance benefits under Title II of the Social Security Act.

18. The award of Social Security Disability Insurance benefits was based on the same medical and psychiatric evidence supplied to the Defendant, MUTUAL.

19. In a letter dated February 28, 2011, the Defendant denied Plaintiff's LTD benefits, alleging that the Plaintiff was no longer disabled.

20. Plaintiff, CYNTHIA HENDRICKS, appealed MUTUAL's February 28, 2011, denial of her LTD benefits and supplied Defendant with additional medical and psychiatric evidence including, but not limited to:

4

    A. Letter of support from treating psychiatrist Michael Egger, MD, and treating therapist/Psychiatric Nurse Practitioner Sue Crane, APRN; and

    B. Records and chart notes supporting Dr. Egger's and Nurse Crane's treating source opinion.

21. In a letter dated June 2, 2011, Defendant MUTUAL upheld its decision to deny Plaintiff's LTD benefits and informed the Plaintiff, CYNTHIA HENDRICKS, of the denial.

22. Plaintiff CYNTHIA HENDRICKS requested a second round of administrative review from Defendant MUTUAL in a letter from her attorney dated August 1, 2011.

23. Subsequently, Defendant MUTUAL requested an independent Neuropsychological evaluation, which was completed on October 12, 2011.

21. In a letter dated November 2, 2011, Defendant MUTUAL upheld its decision to deny Plaintiff's LTD benefits and informed the Plaintiff, CYNTHIA HENDRICKS, that she had exhausted all administrative levels of appeal.

22. Defendant MUTUAL terminated Plaintiff's LTD benefits.

23. Defendant's denial of Plaintiff's LTD benefits ignored the findings, expert opinions, and objective medical and psychiatric evidence of Plaintiff's treating providers that Plaintiff is disabled and unable to work.

24. There are no further internal steps to appeal the denial within Defendant MUTUAL's own internal processes.

25. Under the terms of the MUTUAL Policy, the Plaintiff is clearly entitled to LTD benefits for her continuing disabilities.

26. Defendant MUTUAL's denial of plaintiff's LTD benefits was arbitrary and capricious and in violation of ERISA.

## **DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment against the defendant containing the following relief:

a. For an Order directing Defendant to provide Plaintiff with a true and accurate copy of the entire contents of any and all files and documents which Defendants, or any plan administrator, in any way gathered, utilized, or had access to, at the time concerning the claims by Plaintiff for LTD benefits as described herein, including, without limitation, the Plan Description, Summary Plan Description, Plan Administrator's file, Applications and other documents submitted by Plaintiff, medical and psychiatric records, vocational reports, and other evidence available to the Plan Administrator and/or Trustee, interoffice memoranda, internal documents, correspondence, and notices;

b. For a declaratory judgment that the Defendant violated Plaintiff's rights pursuant to ERISA;

c. That the Court direct the Defendant to pay Plaintiff LTD benefits from February 28, 2011, the date of the improper denial, and that such benefits continue in the future;

d. For an Order of restitution;

e. That the Court award reasonable attorney's fees and costs of this action pursuant to ERISA, 20 U.S.C. section 1132(g);

f. That the Court award interest on any benefits from February 28, 2011, the date of the improper denial, until the date of payment, including prejudgment and post-judgment interest on such benefits; and

g. Any other relief that the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES TRIABLE BY A JURY.**

DATED:   Omaha, Nebraska
         January 6, 2012

ROBERT G. DORTON (NE #23830)
ATTORNEY FOR PLAINTIFF
Law Offices of Robert Dorton, LLC
319 South 17th Street, Suite 210
Omaha, NE 68102
(402) 614-4155

STATE OF NEBRASKA        ]
COUNTY OF DOUGLAS        ] ss.:

I, CYNTHIA HENDRICKS, being duly sworn, depose and say:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters I believe it to be true.

*/s/ Cynthia Hendricks*
**CYNTHIA HENDRICKS**

Sworn to before me this 6th day of January, 2012.

*/s/ Notary*
Notary Public

General Notary - State of Nebraska
TERRI L. CRAWFORD
My Comm. Exp. Aug. 4, 2013

8